IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DERRICK IVAN JIM,

    Movant,

vs.                                                                 Nos. CIV 16-00190 JB/CG
                                                                            CR 10-2653 JB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Movant Derrick Ivan Jim's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 15, 2016 (CIV Doc. 1, CR Doc. 193)("Motion"), and Memorandum in Support, filed March 15, 2016 (CIV Doc. 2, CR Doc. 194). The Court has conducted an initial examination of the Motion as rule 4(b) requires and determines that the Motion is premature, because Derrick Ivan Jim is awaiting resentencing following remand from the United States Court of Appeals for the Tenth Circuit. The Court will therefore dismiss the Motion without prejudice.

**PROCEDURAL BACKGROUND**

In the criminal case, a grand jury indicted Jim on one count of aggravated sexual abuse -- vaginal intercourse by force, in violation of 18 U.S.C. §§ 2241(a)(1) and 2246(2)(A). See Indictment, filed September 16, 2010 (CR Doc. 13). Jim initially pled guilty to that charge, see Plea Agreement, filed February 8, 2011 (CR Doc. 25), but subsequently asked to withdraw his plea, see Motion for an Order to Vacate the Sentencing and to Allow Defendant to Withdraw his

Plea Agreement and to Proceed to Trial, filed September 19, 2011 (CR Doc. 48).  The Court granted his motion to withdraw the plea and allowed him to proceed to trial.  See Memorandum Opinion and Order, filed November 22, 2011 (CR Doc. 53).  The United States then added an additional charge of aggravated sexual abuse -- anal penetration by force.  See Superseding Indictment, filed December 1, 2011 (CR Doc. 58).  A jury convicted Jim of both charges, and the Court imposed two concurrent 360-month sentences.  See Verdict, filed January 13, 2012 (CR Doc. 136); Judgment, filed June 22, 2012 (CR Doc. 165).

Jim appealed to the United States Court of Appeals for the Tenth Circuit, challenging his conviction by contending the Court erred in allowing evidence that he had admitted committing the charged offenses to be presented to the jury. The United States cross-appealed, asserting that the Court had erred in calculating Jim's offense level under the sentencing guidelines.  On May 12, 2015, the Tenth Circuit affirmed Jim's conviction.  The Tenth Circuit also determined that the Court erred in not considering whether § 2A3.2(b)(4)(B)'s 2-offense-level enhancement could apply in this case, vacated Jim's two sentences, and remanded the case for resentencing. See United States v. Derrick Ivan Jim, Nos. 12-2085 & 12-2120, filed May 12, 2015 (CR Doc. 190). Jim filed a Petition for Writ of Certiorari in the United States Supreme Court of the United States on August 31, 2015. (CR Doc. 191).  The Supreme Court denied the Petition and, on December 3, 2015, the Tenth Circuit returned the case to this Court.  See Letter to Clerk of the U.S. District Court for the District of New Mexico from the United States Court of Appeals for the Tenth Circuit, filed December 3, 2015 (CR Doc. 192).  Resentencing under the Tenth Circuit's Mandate is presently pending before the Court.

## LAW ON PREMATURITY OF § 2255 MOTIONS PENDING RESENTENCING

Jim, proceeding pro se, seeks to have his sentence in case no. CR 10-2653 vacated, set aside, or corrected under 28 U.S.C. § 2255.  See Motion at 7.  Section 2255 states:

> A prisoner in custody **under sentence of a court** established by Act of Congress claiming the right to be released upon the **ground that the sentence** was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction **to impose such sentence,** or **that the sentence was in excess** of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence to vacate, set aside or correct the sentence**.

28 U.S.C. § 2255(a) (emphasis added).  To bring a proceeding under § 2255's plain language, then, a prisoner must be in custody under a sentence that the district court imposed and must be challenging that sentence.

The time for filing a motion for collateral review under § 2255 begins to run on the date on which the judgment becomes final.  See 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 524 (2003).  A motion for post-conviction relief ripens when **both conviction and sentence** became final by the conclusion of direct review or by the expiration of the time for seeking such review.  See Burton v. Stewart, 549 U.S. 147, 156 (2007); United States v. Burch, 202 F.3d 1274, 1277 (10th Cir. 2000); United States v. Messervey, 269 F. App'x. 379, 381 (5th Cir. 2008).  Read in the context of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241-2255, § 2255's use of "final" means a decision from which no appeal or writ of error can be taken.  United States v. Burch 202 F.3d at 1277.

The courts have further held that, in light of Burton v. Stewart, in cases in which a defendant's conviction is affirmed on appeal but the case is remanded for re-sentencing, the defendant's conviction becomes final for AEDPA's limitations purposes when both the conviction and sentence become final by the conclusion of direct review or the expiration of time

for seeking such review.  See United States v. Messervey, 269 F. App'x at 381.  See also United States v. Carbajal-Moreno, 332 F. App'x 472, 475 (10th Cir. 2009); United States v. LaFromboise, 427 F.3d 680, 683-84 (9th Cir. 2005); United States v. Colvin, 204 F.3d 1221, 1224-26 (9th Cir. 2000).  When no amended judgment yet exists following a partial reversal and remand to the district court, the judgment of conviction does not become final until the district court has acted on remand and the time has passed for appealing the district court's action.  See United States v. Colvin, 204 F.3d at 1226. The rationale behind United States v. Colvin requires that the district court have an opportunity to enter an amended judgment on remand, and for the defendant to appeal that amended judgment should he or she so choose.  Only when that judgment is entered and the availability of direct review expires, does the right to seek collateral review accrue and the AEDPA's one-year statute of limitations begins to run.  See United States v. LaFromboise, 427 F.3d at 685.

Where resentencing has not occurred at the time a § 2255 motion is filed, the sentence has not become final, and the motion is not ripe for review.  See, e.g., Maharaj v. Secretary for the Department of Corrections, 304 F.3d 1345, 1349 (11th Cir. 2002)(applying rule to § 2254 habeas corpus petition).  The district court should not entertain a request for collateral review until any direct appeal is resolved.  See United States v. Pirro, 104 F.3d 297, 298 (9th Cir. 1997).   In cases involving remand for resentencing, until the district court enters an amended judgment, a § 2255 motion is premature.  The new sentence, yet to be determined by the district court, will be subject to direct appeal.  See, e.g., United States v. Streit, 17 F.3d 306, 308 (9th Cir. 1994). A federal prisoner must exhaust direct appellate review of the sentence before filing for collateral relief in the district court.  See Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987).  Once the new judgment is entered, the prisoner may or may not choose to appeal.  But

until direct appellate review is exhausted the district court may not entertain a motion for § 2255 relief.  See United States v LaFromboise, 427 F.3d at 686; Carbajal-Moreno, 332 F. App'x at 475.

## ANALYSIS

The Tenth Circuit has ordered that Jim's original sentences be vacated and has remanded the case for resentencing by the Court.  See Judgment, filed June 3, 2015 (CR Doc. 190-2).  The Court has not yet resentenced Jim under the Tenth Circuit's mandate.  At this time, Jim is not in custody under the Court's final sentence as required for § 2255 relief.  See 28 U.S.C. § 2255(a).  Jim's sentencing is not yet final and his § 2255 Motion is premature.  Because Jim's resentencing has not occurred at the time he filed his Motion, his judgment has not become final, and the Motion is not ripe for review.  See United States v. Carbajal-Moreno, 332 F. App'x at 475; Maharaj v. Secretary for the Department of Corrections, 304 F.3d at 1349.

Until the Court resentences Jim, enters an amended judgment, and Jim's appellate rights are exhausted, a § 2255 motion is premature. The new sentence, yet to be determined by the Court, will be subject to a right of direct appeal.  See United States v. Streit, 17 F.3d at 308.  Jim may or may not choose to appeal, but Jim must exhaust direct appellate review of the new sentence before filing for § 2255 relief. Until he exhausts direct appellate review, the court may not entertain a motion for § 2255 relief. United States v. LaFromboise, 427 F.3d 686.  The Court must therefore dismiss Jim's Motion.

The Court also determines that, because his Motion is premature, Jim has not made a substantial showing of denial of a constitutional right as 28 U.S.C. § 2253(c)(2) requires.  As a consequence, the Court denies a certificate of appealability under rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts.

- 6 -

**IT IS ORDERED** that: (i) Movant Derrick Ivan Jim's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1 and 2) is dismissed as premature; (ii) civil action No. CIV 16-00190 JB/CG is dismissed without prejudice; and (iii) a certificate of appealability is denied under 28 U.S.C. § 2253(c)(2) and rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Derrick Ivan Jim
Federal Correctional Institution
Pollock, Louisiana

    *Plaintiff pro se*

John T. Carlson
  Federal Public Defender
Federal Public Defenders Office
Albuquerque, New Mexico

    *Attorneys for criminal Defendant Derrick Ivan Jim*

Joseph Michael Spindle
Jack Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for civil Defendant the United States of America*